NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT J. CONTE, | |
| Plaintiff, | Civ. No. 19-8333 |
| v. | **OPINION** |
| ZACHARY GOODWIN and MAREK NAPIERALA, | |
| Defendants. | |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Motion to Set Aside Default and to Extend Time to Answer, Move or Otherwise Respond to Plaintiff's Complaint ("Motion to Set Aside Default") filed by Defendants Zachary Goodwin and Marek Napierala (collectively, "Defendants"). (ECF No. 23.) Plaintiff Vincent J. Conte ("Plaintiff") opposes. (ECF No. 24.) The Court has decided this matter based upon the written submissions and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, the Motion to Set Aside Default is granted in part and denied in part.

## BACKGROUND

On March 11, 2019, Plaintiff, an inmate at New Jersey State Prison, filed the Complaint alleging that Defendants, senior corrections officers, were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment of the United States Constitution and Article I, Paragraph 12 of the New Jersey Constitution. (Compl. ¶¶ 39–42, ECF No. 1.) Plaintiff alleges that on December 2, 2018, Plaintiff was ordered to provide a urine sample for drug

1

testing within a two-hour time period. (*Id.* ¶ 11.) At the beginning of this two-hour window, Plaintiff suffered a heart attack and displayed symptoms of chest pains, shortness of breath, and profuse sweating. (*Id.* ¶¶ 13–14.) Plaintiff alleges that he informed Defendants of his condition and requested medical attention, but Defendants laughed at Plaintiff and told him that he still needed to provide his urine sample. (*Id.* ¶¶ 16–18.) Due to Plaintiff's heart attack and an enlarged prostate, Plaintiff could not urinate and instead defecated, and Defendants allegedly responded with laughter. (*Id.* ¶¶ 19–20.) Plaintiff managed to urinate ninety minutes later, at which time Defendants did not call an emergency code and instead issued Plaintiff an ad hoc medical pass that required him to walk 500 feet to the infirmary. (*Id.* ¶¶ 21–24.) Medical staff immediately called for an ambulance and Plaintiff was brought to St. Francis Medical Center, where he was diagnosed as having coronary artery disease with 99% blockage. (*Id.* ¶¶ 25–27.) Plaintiff alleges that Defendants were deliberately indifferent by delaying Plaintiff's treatment and by issuing an ad hoc medical pass instead of calling an emergency code. (*Id.* ¶¶ 30–31.) Plaintiff claims that the delay and forced walk to the infirmary caused him to suffer twice as much damage to his heart tissue than if Defendants had immediately called an emergency code. (*Id.* ¶ 28.)

On April 3, 2019, the Court granted Plaintiff's Motion to Appoint Pro Bono Counsel. (ECF No. 6.) On August 1, 2019, Defendants filed a Motion for Extension of Time to File Answer (ECF No. 11), which the Court granted, giving Defendants until November 9, 2019 to file an answer or otherwise respond to the Complaint (ECF No. 13). On November 7, 2019, Defendants filed a second Motion for Extension of Time to File Answer (ECF No. 15), which the Court granted, giving Defendants until December 9, 2019 (ECF No. 17). On November 12, 2019, Attorney James P. Walsh, Jr. was appointed as pro bono counsel for Plaintiff (ECF No. 16), and

Mr. Walsh entered his appearance on the record on December 6, 2019 (ECF No. 20). On March 10, 2020, Plaintiff filed a Request for Default against Defendants, and the Clerk entered default the following day. (ECF No. 22.)

On March 13, 2020 Defendants filed the present Motion to Set Aside Default. (ECF No. 23.) On March 23, 2020, Plaintiff filed an Opposition. (ECF No. 24.) On April 13, 2020, Defendants filed a Reply. (ECF No. 25.) Defendants' Motion to Set Aside Default is presently before the Court.

## **LEGAL STANDARD**

Under Rule 55(c) of the Federal Rules of Civil Procedure, a court may set aside an entry of default for good cause. A judgment setting aside the entry of default is within a district court's discretion. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). In exercising this discretion and determining whether "good cause" exists, the Third Circuit has instructed district courts to consider the following factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." *Doe v. Hesketh*, 828 F.3d 159, 175 (3d Cir. 2016) (quoting *$55,518.05 in U.S. Currency*, 728 F.2d at 195). In determining whether to set aside entry of default, doubtful cases must be resolved in favor of the moving party so that cases may be decided on their merits. *$55,518.05 in U.S. Currency*, 728 F.2d at 195.

## **DISCUSSION**

**I.     Motion to Set Aside Default**

      A.     *Meritorious Defense*

The threshold question is the existence of a meritorious defense. *Super Laundry Equip. Corp. v. Chan*, 2015 WL 3953887, at *3 (D.N.J. June 29, 2015). The Third Circuit has

recognized that a defendant seeking to set aside default must "set forth with some specificity the grounds for his defense." *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988). "Simple denials, ambiguous conclusions, mere quotations of rules and statutes, and threadbare assertions do not establish a meritorious defense." *Super Laundry*, 2015 WL 3953887, at *3 (citing *United States v. Holohan*, 2012 WL 2339755, at *2–3 (D.N.J. June 18, 2012)). A defendant has established a meritorious defense when the allegations set forth in his answer, if established a trial, would constitute a complete defense to the action. *$55,518.05 in U.S. Currency*, 728 F.2d at 195.

Defendants provide three potential defenses to Plaintiff's allegations. First, Defendants argue that Plaintiff cannot meet the "deliberate indifference" standard under the Eighth Amendment, which requires that Defendants had a subjective knowledge of Plaintiff's serious medical need and acted with reckless disregard to that need. (Reply at 3–4, ECF No. 25 (citing *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001)).) Second, Defendants argue that Plaintiff failed to specify which Defendant committed each act of misconduct, and therefore his Complaint is not facially plausible. (*Id.* at 4–5.) Third, Defendants assert that they are entitled to qualified immunity as government officials. (*Id.* at 5–6.)

The Court agrees that deliberate indifference is the applicable standard, and that the question of Defendants' subjective knowledge is essential to the claim. Therefore, Defendants' assertion that Plaintiff cannot establish Defendants' subjective knowledge of Plaintiff's medical condition, if proven at trial, would constitute a complete defense to the action. Regarding Defendants' second defense, the Court disagrees that the Complaint lacks facial plausibility; the Court finds that Plaintiff's claims are adequately pleaded, particularly in light of Plaintiff's *pro se* status. However, the Court recognizes that the lack of specificity as to the acts of each

Defendant weighs in favor of setting aside default so that liability can be further assessed. Finally, qualified immunity, if proven at trial, would constitute a meritorious, complete defense. Therefore, Defendants have established several potential meritorious defenses that go beyond simple denials or ambiguous conclusions. These defenses weigh in favor of setting aside default.

      B.     *Defendants' Culpable Conduct*

Next, the Court must consider whether Defendants' default resulted from their culpable conduct. Culpable conduct is determined under a "willfulness" or "bad faith" standard; mere negligence is insufficient. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir.1982). "Such conduct may include 'acts intentionally designed to avoid compliance with court notices,' but is not limited to such knowing disregard for court-mandated procedures; reckless disregard for repeated communications from the plaintiff or the court is sufficient to establish culpability." *Super Laundry*, 2015 WL 3953887, at *5 (citing *Hritz*, 732 F.2d at 1183).

Defense counsel argue that their failure to file a timely answer or otherwise respond was "inadvertent . . . and not the result of willful neglect." (Reply at 7.) Defense counsel maintain that they initially waited to file an answer or otherwise respond as a "courtesy" to allow Plaintiff to first be appointed pro bono counsel. (Mot. to Set Aside Default ¶ 24, ECF No. 23.) After Plaintiff's counsel entered an appearance on December 6, 2019, defense counsel state that they attempted to update their clients about the status of the case and the need to respond but "inadvertently, this correspondence was not forwarded to the proper parties for appropriate actions." (*Id.* ¶¶ 20–21.) After discovering this error, defense counsel assert that they have "worked feverishly" to file a response to the Complaint and are awaiting requested documents from the Department of Corrections. (*Id.* ¶ 22.) Defendants claim that their error "was not due to

5

any neglect on the part of Defendants, but . . . is a common yet unfortunate delay in navigating representation." (*Id.* ¶ 25.)

The Court finds that the failure to timely answer or otherwise respond to the Complaint was due to defense counsel's neglect. However, defense counsel's conduct does not rise to the level of bad faith or willful neglect as required to establish culpability. Prior to the default, defense counsel was proactive about the status of the case and filed two extension requests that the Court granted. Additionally, Plaintiff has not claimed that he attempted to contact Defendants prior to filing for default, nor have Defendants violated any orders of the Court other than the filing deadline. This case is distinguishable from cases in which other courts have found culpable conduct. *See Super Laundry*, 2015 WL 3953887 at *5–6 (finding culpability where the defendant waited nine months to respond to the suit against him, repeatedly failed to attend court-ordered depositions, and filed a delayed response to the entry of default judgment against him); *see also Eagle Fruit Traders, LLC v. Ultra Fresh, LLC*, 2019 WL 5704503, at *8 (D.N.J. Nov. 5, 2019) (finding culpability where the defendants "were completely uncooperative, disregarded the Court's Orders while they continued to dissipate [the defendant's] assets, and outright ignored this litigation despite Plaintiff's best efforts to engage them"). For these reasons, the Court finds that Defendants were not culpable to the extent that default is warranted.

C. *Prejudice to Plaintiff*

"Prejudice is established where a plaintiff's ability to pursue a claim has been hindered as a result of the defendant's delay; such hindrance may arise by loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Super Laundry*, 2015 WL 3953887, at *3 (citing *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir.1982)). Plaintiff first asserts that Defendants' undue delay in responding to the

Complaint has caused, and will continue to cause, Plaintiff to "fear for his health and safety and to suffer physical and emotional stress longer than necessary." (Opp'n at 7, ECF No. 24.) However, "[d]elay in realizing satisfaction on a claim does not amount to the level of prejudice required to prevent the opening of a default judgment." *Super Laundry*, 2015 WL 3953887, at *3; *see also Caruso v. Occhiogrosso*, 2013 WL 3441491, at *2 (D.N.J. July 9, 2013) ("[C]ourts have consistently held that minimal delay in the resolution of the case . . . rarely constitute[s] sufficient prejudice to avoid setting aside a default."). While the Court recognizes that Plaintiff will suffer the usual prejudices that stem from litigation delays, this prejudice is insufficient to avoid setting aside default.[1]

Second, Plaintiff argues that due to Defendants' delay, it is "much more likely that relevant evidence might be lost" and that witnesses' memories will fade. (*Id.* at 7–8.) Plaintiff suggests that Defendants may intentionally destroy evidence or commit "fraud or collusion." (*Id.* at 7–8.) However, Plaintiff has not demonstrated that any evidence has been lost or that evidence is likely to be lost in the near future. Plaintiff's only support for his claims of fraud and collusion is the fact that Defendants failed to timely respond to the Complaint. However, as noted above, the Court does not find that Defendants acted with willfulness or bad faith. *See supra* Section I.B. Accordingly, Plaintiff's arguments regarding prejudice hold little weight.

Due to the existence of potentially meritorious defenses, Defendants' limited culpability, and the low risk of prejudice to Plaintiff, the Court grants Defendants' Motion to Set Aside Default.

---

[1] Although Plaintiff argues that an entire year had passed between the filing of the Complaint and the entering of default, the operative deadline set by the Court was December 9, 2019 (ECF No. 17). Therefore, Defendant's actual delay was approximately three months.

**II.     Motion for Extension of Time**

Defendants request an extension of forty-five (45) days in which to answer or otherwise respond to the Complaint. (Mot. to Set Aside Default ¶ 27.) Because Defendants have had over a year to prepare a response, the Court will grant Defendants fourteen (14) days in which to answer or otherwise respond to the Complaint.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Set Aside Default (ECF No. 23) is granted in part and denied in part. The Court will set aside default and grant Defendants fourteen (14) days in which to file an answer or otherwise respond to the Complaint. An appropriate Order will follow.


Date: June 22, 2020                                                    */s/ Anne E. Thompson*
                                                                                    ANNE E. THOMPSON, U.S.D.J.